LAW OFFICE OF MICHAEL R. SOHIGIAN
Michael R. Sohigian (State Bar No. 155448)
10940 Wilshire Boulevard, Eighteenth Floor
Los Angeles, California 90024
Telephone: (310) 914-2494
Telecopier: (310) 914-2484
msohigian@mrslaw.net

Attorneys for Defendants,     THE WATLEY GROUP, L.L.C., and A. JOHN A. BRYAN, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLIANCE CAPITAL CORP., | ) | CASE NO.: 2:14-cv-08962-CAS (AGRx) |
| | ) | |
| Plaintiff, | ) | **ANSWER TO COMPLAINT; DEMAND** |
| | ) | **FOR JURY TRIAL** |
| vs. | ) | |
| | ) | |
| THE WATLEY GROUP, L.L.C.; A. JOHN A. BRYAN, JR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants, THE WATLEY GROUP, L.L.C. ("TWG"), and A. JOHN A. BRYAN, JR. (collectively, "Watley"), answer the complaint of Plaintiff, ALLIANCE CAPITAL CORP., on file herein as "Civil Action," as follows :

### INTRODUCTION

1.     In response to the allegations of paragraph 1, Watley denies each and every such allegation, except that TWG and Mr. Bryan are sometimes collectively referred to in the Civil Action as "Defendants."

2.     In response to the allegations of paragraph 2, Watley lacks sufficient information or belief to admit or deny Plaintiff's allegations of its status as a Delaware corporation.  On information and belief, Watley denies Plaintiff's allegations about its business address, which public property records appear to show is a house owned by Zbigniew W. Waleda and Lidia Waleda, without any mention of an interest held by Plaintiff or any principal of Plaintiff.  Watley

O:\82100\1401\pleading\answer(final).pld.wpd

1   lacks sufficient information or belief to admit or deny Plaintiff's allegations about its business.

2       3.    In response to the allegations of paragraph 3, Watley denies all of them, except that

3   Watley admits that TWG is a California limited liability company.

4       4.    In response to the allegations of paragraph 4, Watley admits Mr. Bryan is the sole

5   member and/or managing member of TWG.

6       5.    In response to the allegations of paragraph 5, Watley denies all of them, except that

7   Watley admits TWG has done business in the past with Plaintiff and Goldberg, who it is informed

8   and believes is or was Plaintiff's president.

9       6.    In response to the allegations of paragraph 6, Watley observes those allegations are

10   legal conclusions it neither admits nor denies.

11       7.    In response to the allegations of paragraph 7, Watley observes those allegations are

12   legal conclusions it neither admits nor denies, except that Watley denies Plaintiff has any right to

13   recover any amount, whether or not exceeding the sum specified by 28 U.S.C. §1332.

14       8.    In response to the allegations of paragraph 8, Watley denies all of them.

15       9.    In response to the allegations of paragraph 9, Watley observes those allegations are

16   legal conclusions it neither admits nor denies.

17       10.    In response to the allegations of paragraph 10, Watley admits in or around June

18   2014, two non-parties to this suit, Joel and Karyn Silver (the "Silvers"), and/or the Silver

19   Community Property Trust ("Trust"), requested assistance from TWG in obtaining various forms

20   of financing related to the Silvers' real property.  Except as explicitly admitted here, Watley denies

21   all allegations of paragraph 10.

22       11.    In response to the allegations of paragraph 11, Watley objects under Federal Rule of

23   Civil Procedure 12(f): The allegations are immaterial, impertinent, and scandalous.

24       12.    In response to the allegations of paragraph 12, Watley admits in or around June

25   2014, two non-parties to this suit, Joel and Karyn Silver (the "Silvers"), and/or the Silver

26   Community Property Trust ("Trust"), requested assistance from TWG in obtaining various forms

27   of financing related to the Silvers' real property.  Except as explicitly admitted here, Watley denies

28   all allegations of paragraph 12.

13.     In response to the allegations of paragraph 13, Watley admits it contacted various parties to see if anyone could assist in identifying a source of financing sought by the Silvers and the Trust, including asking Plaintiff to find a lender.  Except as explicitly admitted here, Watley denies all allegations of paragraph 13.

14.     In response to the allegations of paragraph 14, Watley admits it had done business with Plaintiff before.  Except as explicitly admitted here, Watley denies all allegations of paragraph 14.

15.     In response to the allegations of paragraph 15, Watley denies all of them.

16.     In response to the allegations of paragraph 16, Watley admits if it were successful in obtaining the financing, the Silvers and/or the Trust agreed to pay TWG a fee.  Except as explicitly admitted here, Watley denies all allegations of paragraph 16.

17.     In response to the allegations of paragraph 17, Watley denies all of them.

18.     In response to the allegations of paragraph 18, Watley denies all of them.

19.     In response to the allegations of paragraph 19, Watley denies all of them.

20.     In response to the allegations of paragraph 20, Watley admits them.

21.     In response to the allegations of paragraph 21, Watley admits them.

22.     In response to the allegations of paragraph 22, Watley admits Plaintiff asked for and received payment of $40,000 in connection with the financing transaction.  Except as explicitly admitted here, Watley denies all allegations of paragraph 22.

23.     In response to the allegations of paragraph 23, Watley denies all of them.

24.     In response to the allegations of paragraph 24, Watley denies all of them.

25.     In response to the allegations of paragraph 25, Watley denies all of them.

26.     In response to the allegations of paragraph 26, Watley denies all of them.

27.     In response to the allegations of paragraph 27, Watley denies all of them.

28.     In response to the allegations of paragraph 28, Watley admits them on the basis of information and belief.

29.     In response to the allegations of paragraph 29, Watley is informed and believes, and on that basis admits, the Instructions Plaintiff received showed only the $40,000 disbursement

made to and accepted by Plaintiff.  Except as explicitly admitted here, Watley denies all allegations of paragraph 29.

30.      In response to the allegations of paragraph 30, Watley lacks sufficient information to admit or deny them.

31.      In response to the allegations of paragraph 31, Watley lacks sufficient information to admit or deny whether or what Plaintiff requested or the Escrow Agent produced.  Watley denies the allegation that it directed the Escrow Agent with respect to any request or production alleged in paragraph 31.

32.      In response to the allegations of paragraph 32, Watley denies all of them.

33.      In response to the allegations of paragraph 33, Watley is informed and believes, and on that basis admits, Plaintiff executed the Instructions.  Except as explicitly admitted here, Watley denies all allegations of paragraph 33.

34.      In response to the allegations of paragraph 34, Watley admits the following: Watley was ultimately successful in obtaining financing for the Silvers and the Trust.  Contrary to Plaintiff's allegations in the Civil Action, Plaintiff did not procure the lender.  Plaintiff and TWG agreed Plaintiff would be paid a referral fee of $40,000.  Goldberg sent an email message dated June 10, 2014, requesting confirmation that his referral fee of $40,000 was guaranteed.  Exhibit 1 to Answer.  Additionally, in this message Goldberg threatened to have his attorneys in California "file for an injunction" if the $40,000 referral fee was not paid at closing.  After receiving Goldberg's message (Exhibit 1), Mr. Bryan sent an email message, to which he attached  a copy of Plaintiff's invoice no. 14-0066, guaranteeing that escrow would be instructed to pay Goldberg $40,000.  Exhibit 2 to Answer.  Plaintiff's counsel sent an email message dated June 12, 2014, to Victor Reshetnikov, Escrow Officer for the Escrow Agent, stating Plaintiff "is entitled to a $40,000 fee, which is a carve out from whatever fees are due to John Bryan and The Watley Group." Exhibit 3 to Answer.  Mr. Reshetnikov replied to Plaintiff's counsel's June 12, 2014, message: "We have your demand and wire instructions and it has been approved by all parties."  Exhibit 4 to Answer.  The loan ultimately closed and Plaintiff received payment in the agreed upon, demanded, and guaranteed amount of $40,000.  Except as explicitly admitted here, Watley denies all

1 | allegations of paragraph 34.

2 |      35.    In response to the allegations of paragraph 35, Watley lacks sufficient information

3 | to admit or deny whether or what Plaintiff came into possession of.  Watley denies all other

4 | allegations of paragraph 35.

5 |      36.    In response to the allegations of paragraph 36, Watley denies all of them.

6 |      37.    In response to the allegations of paragraph 37, Watley denies all of them.

7 |      38.    In response to the allegations of paragraph 38, Watley denies all of them.

8 |      39.    In response to the allegations of paragraph 39, TWG observes those allegations are

9 | legal conclusions it neither admits nor denies.

10 |      40.    In response to the allegations of paragraph 40, TWG denies all of them.

11 |      41.    In response to the allegations of paragraph 41, TWG denies all of them.

12 |      42.    In response to the allegations of paragraph 42, TWG denies all of them.

13 |      43.    In response to the allegations of paragraph 43, TWG observes those allegations are

14 | legal conclusions it neither admits nor denies.

15 |      44.    In response to the allegations of paragraph 44, TWG denies all of them.

16 |      45.    In response to the allegations of paragraph 45, TWG denies all of them.

17 |      46.    In response to the allegations of paragraph 46, TWG denies all of them.

18 |      47.    In response to the allegations of paragraph 47, Mr. Bryan observes those allegations

19 | are legal conclusions it neither admits nor denies.

20 |      48.    In response to the allegations of paragraph 48, Mr. Bryan denies all of them.

21 |      49.    In response to the allegations of paragraph 49, Mr. Bryan denies all of them.

22 |      50.    In response to the allegations of paragraph 50, Mr. Bryan observes those allegations

23 | are legal conclusions it neither admits nor denies.

24 |      51.    In response to the allegations of paragraph 51, Mr. Bryan denies all of them.

25 |      52.    In response to the allegations of paragraph 52, Mr. Bryan denies all of them.

26 |      53.    In response to the allegations of paragraph 53, Mr. Bryan denies all of them.

27 |      54.    In response to the allegations of paragraph 54, Mr. Bryan denies all of them.

28 |      55.    In response to the allegations of paragraph 55, Watley observes those allegations are

1  legal conclusions it neither admits nor denies.

2      56.    In response to the allegations of paragraph 56, Watley denies all of them.

3      57.    In response to the allegations of paragraph 57, Watley denies all of them.

4                          **FIRST AFFIRMATIVE DEFENSE**

5      58.    Plaintiff's claims for relief, and each of them, fail to state facts sufficient to

6  constitute a claim or cause of action on which relief can be granted against Watley.

7                          **SECOND AFFIRMATIVE DEFENSE**

8      59.    Watley fully and completely performed all obligations due Plaintiff under any

9  contract alleged in the Civil Action.  Exhibits 1, 2, 3, and 4.

10                          **THIRD AFFIRMATIVE DEFENSE**

11      60.    No Defendant was obligated or otherwise bound to offer any performance, nor

12  liable for any failure to perform, pursuant to any contract alleged in the Civil Action.

13                          **FOURTH AFFIRMATIVE DEFENSE**

14      61.    Watley breached no duty owed to Plaintiff, whether created by statute or common

15  law.

16                          **FIFTH AFFIRMATIVE DEFENSE**

17      62.    Every claim alleged in the Civil Action is barred by the doctrine of accord and

18  satisfaction.  Exhibits 1, 2, 3, and 4.

19                          **SIXTH AFFIRMATIVE DEFENSE**

20      63.    Every claim alleged in the Civil Action is barred by the applicable statute of

21  limitations.

22                          **SEVENTH AFFIRMATIVE DEFENSE**

23      64.    Plaintiff could, through the exercise of reasonable effort, have mitigated the

24  damages allegedly suffered, but failed and refused to exercise such effort, and continues so to fail

25  and refuse.  The portion of Plaintiff's damages, if any, for which any Defendant is responsible

26  should, therefore, be reduced or eliminated.

27                          **EIGHTH AFFIRMATIVE DEFENSE**

28      65.    No act or omission of Watley caused Plaintiff any damage, and Plaintiff is not

O:\82100\1401\pleading\answer(final).pld.wpd

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1    entitled to any relief whatever, on any ground, whether alleged in the Civil Action or otherwise.

2                    **NINTH AFFIRMATIVE DEFENSE**

3         66.    Because of Plaintiff's acts and omissions, the Court should apply the doctrine of

4    unclean hands to bar any recovery under principles of equity.

5                    **TENTH AFFIRMATIVE DEFENSE**

6         67.    Plaintiff is guilty of laches, having delayed in bringing this action against Watley,

7    all to Watley's prejudice, such as to bar any recovery under principles of equity.

8                 **ELEVENTH AFFIRMATIVE DEFENSE**

9         68.    Because of Plaintiff's acts and omissions, the Court should apply the doctrine of

10   waiver to bar any recovery under principles of equity.

11                   **TWELFTH AFFIRMATIVE DEFENSE**

12        69.    Because of Plaintiff's acts and omissions, the Court should apply the doctrine of

13   estoppel to bar any recovery under principles of equity.

14                **THIRTEENTH AFFIRMATIVE DEFENSE**

15        70.    Any obligations allegedly owed to Plaintiff under any agreement alleged in the Civil

16   Action were discharged by Plaintiff's failure to perform its obligations under such agreement, in

17   material breach.

18                **FOURTEENTH AFFIRMATIVE DEFENSE**

19        71.    Any obligations allegedly owed to Plaintiff under any agreement alleged in the Civil

20   Action were discharged by the failure of a condition precedent to any performance that may have

21   been owed.

22                 **FIFTEENTH AFFIRMATIVE DEFENSE**

23        72.    If Plaintiff were entitled to any recovery in this action, which Watley denies, each

24   and every Defendant would be entitled to a set-off for moneys owed by Plaintiff to Watley.

25                 **SIXTEENTH AFFIRMATIVE DEFENSE**

26        73.    Plaintiff has acted in bad faith in connection with the acts and events alleged in the

27   Civil Action, unfairly interfering with Watley's rights to receive the benefits of any agreement

28   between Plaintiff and Watley, and this bad faith extinguished and bars any relief sought in any of

1 | Plaintiff's alleged causes of action.

2 | **SEVENTEENTH AFFIRMATIVE DEFENSE**

3 | 74.    Even if Plaintiff were able to prove any Defendant committed the acts alleged in the

4 | Civil Action, no malice, fraud or oppression could be clearly and convincingly proved against

5 | them, so no punitive damages can be recovered on any claim made in the Civil Action.

6 | **EIGHTEENTH AFFIRMATIVE DEFENSE**

7 | 75.    Plaintiff has failed to plead facts sufficient to provide a legal or factual basis to

8 | award costs or attorney fees to Plaintiff on any claim alleged in the Civil Action.

9 | **NINETEENTH AFFIRMATIVE DEFENSE**

10 | 76.    Each cause of action in the Civil Action is barred because any award to Plaintiff

11 | would result in its unjust enrichment.

12 | **TWENTIETH AFFIRMATIVE DEFENSE**

13 | 77.    Watley reserves the right to assert by way of answer to any of Plaintiff's claims any

14 | affirmative defense not asserted here for which there is legal or factual support.

15 | WHEREFORE, Defendants, THE WATLEY GROUP, L.L.C., and A. JOHN A. BRYAN,

16 | JR.,  pray that judgment be entered against Plaintiff, as follows:

17 | 1.    Plaintiff takes nothing by the Civil Action;

18 | 2.    Defendants are awarded costs of suit, including reasonable attorney fees, incurred in

19 | this action;

20 | 3.    Defendants are awarded such other and further relief as the Court deems just and

21 | proper.

22 | Dated:  December 3, 2014                    LAW OFFICE OF MICHAEL R. SOHIGIAN

23 |

24 | By:_____

25 |       Michael R. Sohigian
     Attorneys for Defendants, THE WATLEY GROUP,
     L.L.C., and A. JOHN A. BRYAN, JR.

26 | /

27 |

28 |

1                            **DEMAND FOR JURY TRIAL**

2          Under Federal Rule of Civil Procedure 38, Watley demands trial by jury on all issues so

3 triable.

4 Dated:   December 3, 2014            LAW OFFICE OF MICHAEL R. SOHIGIAN

5

6                                 By:_____

7                                      Michael R. Sohigian
                                   Attorneys for Defendants, THE WATLEY GROUP,

8                                    L.L.C., and A. JOHN A. BRYAN, JR.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**From:** Ronald Goldberg [mailto:rg.alliancecapital@gmail.com]
**Sent:** Tuesday, June 10, 2014 1:16 PM
**To:** Arsen Sergeyev
**Cc:** Gary Mason; John Bryan; Office Assistant; Philip Kwait; Alliance Capital; Sturges Karban; Steve Wasserman - email; Pinoski, Colleen; Chuck Davidson
**Subject:** Re: Term Sheets Joel & Karyn Silver

Arsen,

I brought you this deal. You should be paying me a referral fee. I need for you to guarantee my $40k fee gets paid at closing. There is no reason for you not to do this for me. If I have my attorney in California file for an injunction no one will get paid. If you think I am bluffing, you better talk to John. I have copied my attorneys in California and I do not want to get jerked around here. John Bryan's promises of financial reward have proved valueless in the past to me. John will not cooperate with me ever regarding collection of my fees. John talks a good game only. All of this is going to turn out badly if we do not resolve this quickly. Arsen, I am counting on you and Lending Bee to protect me for my fee. You can collect from John a reimbursement, he has no credit with me.

Arsen, kindly let me know how your company wants to handle my $40k referral fee.

Regards,

Ronald Goldberg
President
Alliance Capital Corp.
30 Wall Street, 8th FL
New York, NY 10005
Tel  212-709-8310
Cell 347-277-0414
Fax 646-861-4601

**EXHIBIT 2**

**From:** John Bryan [mailto:jbryan@watley.com]
**Sent:** Tuesday, June 10, 2014 3:51 PM
**To:** bdorfman@lendingbeeinc.com; arsen@lendingbeeinc.com
**Cc:** Victor Reshetnikov
**Subject:** Silver Pictures

RE: Escrow number 03015608-VR 22506 Pacific Coast Highway & 470 Layton Way

Boris/Arsen,

I hereby confirm that The Watley Group LLC has been engaged by Silver Pictures to provide financing.

I also confirm that Lending Bee shall be paid 1% of the $13,000,000 upon closing of the above referenced escrow directly from escrow. This 1% fee is subject to the fact we pay nothing to Amir.

We also guarantee that escrow will be instructed to pay Ron Goldberg $40,000 on the above reference transaction.

Furthermore, during the period of our engagement, in the event we refinance or do additional financing with Don R. Hankey, we guarantee Lending Bee a commission to be agreed before closing.

John

A. John A. Bryan Jr.
Chief Executive Officer
The Watley Group, LLC
8439 Sunset Boulevard, Suite 402
West Hollywood, CA 90069
Telephone: 310-777-8889
Email: jbryan@watley.com
Website: www.watley.com

PLEASE READ OUR EMAIL DISCLAIMER ON OUR WEBSITE AT WWW.WATLEY.COM





**ALLIANCE CAPITAL CORP.**

30 WALL ST., SUITE 8 FLR
NEW YORK, NY 10005

# Invoice

Invoice No.  14-0066

Date:06/09/2014

Company: JOEL AND KARYN SILVER
22506 PACIFIC COAST HIGHWAY
MALIBU, CA  90265

Contact Name:   Ron Goldberg

Project / Work: **Second Mortgage on Real Estate**

Contact Number: 917-605-0409

| Description of Work | Qty / Hrs | Unit Price | Sub Total |
|---|---|---|---|
| Obtained Second Mortgage Loan Term Sheets on the premises located at 470 Layton Way, Brentwood LA, CA  90049, and 22506 Pacific Coast Highway , Malibu, CA 90265 In amount of $10,000,000.00<br><br>Fee is due and payable at closing of escrow. Please remit as shown Below: | 1 | 40,000.00 | 40,000.00 |
| | Grand Total | | 40,000.00 |

**Payment Terms By Wire transfer:**

Bank:  JP Morgan Chase
499 7th Ave
New York, NY 10018
Routing No:  021000021
Ben: Hyperion 2 Corp.
30 Wall Street, Fl 8 New York, NY 10005
Checking Account No : 216126628

**Approved by:** _____ _____

Name: _____
For: _____
_____

Date:  **June 9, 2014**

**EXHIBIT 3**

**From:** Gary Mason [mailto:GLM@kmrslaw.com]
**Sent:** Thursday, June 12, 2014 7:40 AM
**To:** Victor Reshetnikov


**Cc:** Alliance Capital; John Bryan
**Subject:** FW: Silver Pictures / Alliance Fee Lending Bee
**Importance:** High


Victor – this firm represents Alliance Capital Corp. Arsen suggested that I contact you with regard to the fee due to Alliance Capital Corp. in connection with the pending loan to Mr. and Mrs. Joel Silver. Alliance is entitled to a $40,000 fee, which is a carve out from whatever fees are due to John Bryan and The Watley Group. I am confident that John will confirm this and I have copied him on this email. I would appreciate you confirming that Alliance will be paid out of escrow on the closing date. I can provide you with wiring instructions into my firm's trust account. Your prompt attention would be appreciated, as I understand this transaction is closing shortly. Thank you.

Gary L. Mason
KLAFTER & MASON, L.L.C.
Manalapan Corporate Plaza
195 Route 9 South, Suite 204
Manalapan, New Jersey 07726
Ph: (732) 358-2028
Fx: (732) 358-2029
glm@kmrslaw.com
www.kmrslaw.com


Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

This message contains confidential information, intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer does not consent to Internet e-mail for messages of this kind.

**EXHIBIT 4**

**From:** Victor Reshetnikov [mailto:victor@escrowofthewest.com]
**Sent:** Thursday, June 12, 2014 7:43 AM
**To:** Gary Mason
**Cc:** Alliance Capital; John Bryan
**Subject:** RE: Silver Pictures / Alliance Fee Lending Bee

Gary,

We have your demand and wire instruction and it has been approved by all parties.

Thank you

## Victor Reshetnikov | Escrow Officer

5900 Canoga Ave., Suite 100, Woodland Hills, CA 91367 | P: (818) 963-4900, ex. 1812 | F: (818) 963-4947 |

 **CALIFORNIA | NEVADA | ARIZONA**
WWW.ESCROWOFTHEWEST.COM

E-MAIL IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THE E-MAIL IMMEDIATELY. THANK YOU.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 10940 Wilshire Boulevard, Eighteenth Floor, Los Angeles, California 90024.

On December 3, 2014, I served the foregoing document(s) described as ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL on the interested parties in this action, as follows:

Gary L. Mason, Esq.
Klafter & Mason, L.L.C.
Manalapan Corporate Plaza
195 Route 9 South
Suite 204
Manalapan, New Jersey 07726
(732) 358-2029
glm@kmrslaw.com

[X]   BY ELECTRONIC FILING I served each of the above-described documents by E-filing, in accordance with the rules governing electronic filing of documents in the United States District Court, Central District of California, as to the interested party(ies) referred to above.

[ ]   BY MAIL

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 3, 2014, at Los Angeles, California.

[ ]   (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on December 3, 2014, at Los Angeles, California.

[ ] (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Michael R. Sohigian